Michael Steinmetz
225 Broadway, 37th Floor
New York, NY 10007
Telephone:    (212) 380-3623
Facsimile:    (347) 537-4540
Email:        ms@gs2law.com

*Attorneys for Plaintiff SimpliSmart LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIMPLISMART LLC, | Civil Action No. 26-cv-00053(KPF) |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 10,448,477 AND 10,802,524** |
| WUHAN TIEJINNI TECHNOLOGY COMPANY D/B/A SLOCHI, NINGBO MEISHAN BONDED PORT MAISILANG PHOTOELECTRIC TECHNOLOGY CO., LTD. D/B/A AMICO, and AMAZON.COM, INC., | |
| Defendants. | |

Plaintiff SimpliSmart LLC ("SimpliSmart" or "Plaintiff") by and through its attorneys, Garson, Segal, Steinmetz, Fladgate LLP, hereby submits its Complaint against Defendant Wuhan Tiejinni Technology Company d/b/a Slochi ("Slochi"), Ningbo Meishan Bonded Port Maisilang Photoelectric Technology Co., Ltd. d/b/a Amico ("Amico"), and Amazon.com, Inc. ("Amazon") (collectively, "Defendants"), and alleges as follows:

1

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§ 1 et seq., including §§ 271, 281, 284, and 285.

2. Plaintiff seeks damages and equitable relief for Defendants' unlawful infringement of U.S. Patent No. 10,448,477 (the "'477 Patent"), issued October 15, 2019, and U.S. Patent No. 10,802,524 (the "'524 Patent"), issued October 13, 2020 (collectively, the "Patents-in-Suit").

3. This action arises from Defendants' importation, manufacture, use, offering for sale, and sale in the United States of products that embody and practice the patented inventions claimed in the Patents-in-Suit, without authorization or license from SimpliSmart (the "Accused Products"). Defendants' conduct constitutes direct and indirect infringement under 35 U.S.C. § 271.

4. Defendants' Accused Products incorporate SimpliSmart's patented control architecture that enables multi-state lighting (including color temperature and brightness changes) using momentary power interruptions detected by on-board circuitry, together with non-volatile memory that retains state across power cycles, eliminating the need for rewiring, hubs, or external remotes.

5. This action further arises from Amazon's conduct in operating, controlling, and profiting from the Amazon.com marketplace through which the Accused Products are advertised, offered for sale, sold, and shipped to consumers in the United States, including consumers located in New York and this District.

6. Amazon is not a passive bystander to the infringing commerce at issue. Upon information and belief, Amazon materially participates in the offers for sale and sales of the Accused Products by, among other things: hosting and controlling product detail pages and listing

content; enabling the "Add to Cart" and "Buy Now" purchase flows; processing or facilitating payment transactions; charging and collecting marketplace and fulfillment fees tied to each sale; and, for orders fulfilled through Amazon's fulfillment network, storing, packaging, shipping, and handling returns of the Accused Products destined for customers in this District.

7.     Upon information and belief, Amazon's conduct constitutes infringement under 35 U.S.C. § 271, including direct infringement to the extent Amazon is deemed an offeror and/or seller of the Accused Products through its marketplace, and indirect infringement (including inducement and contributory infringement) by knowingly facilitating and enabling the Seller Defendants' infringing sales and end users' infringing use of the Accused Products.

8.     Amazon has the ability to stop and prevent continued infringement through its platform, including by disabling infringing listings, suspending or terminating seller accounts, and stopping fulfillment and shipment of infringing inventory held within Amazon's fulfillment network. Despite notice of SimpliSmart's rights (at minimum through service of this Amended Complaint, and earlier notice if applicable), Amazon has continued to facilitate and profit from the infringing offers for sale and sales of the Accused Products.

9.     Defendants' infringing conduct has been, and continues to be, willful and deliberate. Despite actual and constructive notice of the Patents-in-Suit, Defendants have persisted in marketing and selling products that copy the key features of SimpliSmart's patented lighting technology.

10.    As a result of Defendants' infringement, SimpliSmart has suffered and continues to suffer irreparable injury, including loss of market share, price erosion, and damage to its reputation as an innovator in the field of smart lighting systems.

3

**THE PARTIES**

11.    SimpliSmart LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 16192 Coastal HWY, Lewes, Delaware 11958 and has a principal place of business at 1088 East 4th Street, Brooklyn, NY 11230.

12.    Upon information and belief, Defendant Wuhan Tiejinni Technology Company is a Chinese Company doing business as Slochi with an address at Room 02 E1-1, 5th Floor, Unit 2, International Enterprise Center, No. 1 Guanshan Second Road, East Lake New Technology Development Zone, Wuhan City, Hubei Province, China.

13.    Upon information and belief, Defendant Ningbo Meishan Bonded Port Maisilang Photoelectric Technology Co., Ltd. is a Chinese company doing business as Amico with an address at No. 1 Meishan Sale Field, Beilun District, Room 1325, No. 9 Office Building, Ningbo China 315800.

14.    Upon information and belief, Defendants have manufactured, imported, distributed, marketed, sold, and/or offered for sale the Accused Products throughout the United States, including within the State of New York and this judicial district, through both physical and online sales channels such as Amazon.com and other e-commerce platforms.

15.    Upon information and belief, Defendant Amazon.com, Inc. is a corporation organized under the laws of Delaware, with its principal place of business in Seattle, Washington. Amazon operates and controls the e-commerce marketplace located at www.amazon.com ("Amazon.com"), through which Amazon offers for sale and sells products to consumers in the United States, including to consumers located in New York and this District.

16.    Upon information and belief, Amazon maintains a regular and established place of business in this District, including physical office space and employees located in Manhattan, New

York, from which it conducts substantial and continuous business operations, including marketplace, advertising, and retail-related operations.

17.     Upon information and belief, Amazon provides and performs marketplace services in connection with sales of products on Amazon.com, including hosting product pages and listings, processing or facilitating payments, providing customer service, and offering fulfillment and logistics services (including storing products in U.S. facilities and shipping products to customers), and Amazon derives substantial revenue from these activities in New York and this District.

## **JURISDICTION & VENUE**

18.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1, et seq., §§ 271, 281, 284, 285, among others.

19.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of United States patents.

20.     Personal jurisdiction exists over Defendants in this District pursuant to N.Y. C.P.L.R. § 302(a)(1) or in the alternative, Fed. R. Civ. P. 4(k) because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this District, and/or derive substantial revenue from business transactions in New York and in this District, and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

21.     This Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. § 302(a)(1) because, upon information and belief, Defendants have transacted business within the State of New York by, among other things, operating an interactive storefront on Amazon.com

through which Defendants offered, sold, and shipped the Accused Products directly to customers located in New York, including within this District.

22.    Defendants' New York-directed transactions include completed sales to New York residents, with payment processed through Amazon's platform and order fulfillment executed via shipment to New York addresses, thereby constituting purposeful business activities in New York. Plaintiff will rely on and introduce records reflecting such transactions, including Amazon order reports, purchaser records evidencing New York shipping addresses, and shipping confirmations for deliveries to New York destinations, as shown in the Exhibits attached to this complaint below, to demonstrate the scope of Defendant's New York commerce. *See* Exhibit 1.

23.    Plaintiff's claims arise from and relate to Defendants' New York transactions described above within the meaning of N.Y. C.P.L.R. § 302(a)(1) because the asserted causes of action are directly predicated on Defendants' offering for sale, sale, and delivery of the Accused Products to New York customers through Amazon, as evidenced by order identifiers, shipment tracking, and confirmation data for New York-bound orders attached to this complaint. *See* Exhibit 1.

24.    Defendants purposefully availed itself of the privilege of conducting activities within New York by (a) listing and offering the Accused Products for sale on Amazon with shipping options to New York addresses; (b) enabling and consummating sales to New York residents; (c) using Amazon's fulfillment and logistics services to deliver products into New York stream of commerce with the expectation of being purchased by New York consumers; and (d) directing promotions, pricing, and advertising content on its Amazon product detail pages and sponsored listings to customers located in New York, including through Amazon targeting tools and marketplace features.

25. Defendants' systematic use of Amazon's U.S.-based marketplace to reach New York consumers, acceptance of payments from New York purchasers, and shipment of goods into New York constitute deliberate, non-fortuitous contacts with New York that render it reasonably foreseeable to be haled into court here. The claims asserted by Plaintiff are sufficiently related to and arise out of these New York contacts.

26. Exercising personal jurisdiction over Defendants comports with due process under the Fourteenth Amendment and Fed. R. Civ. P. 4(k) because Defendants have minimum contacts with New York through its intentional commercial conduct directed to New York customers, and the assertion of jurisdiction is reasonable and fair. New York has a strong interest in protecting its consumers and businesses from the harms of counterfeit and infringing goods sold into the state, in ensuring the integrity of its marketplaces, and in providing a convenient forum for redress of injuries suffered here.

27. The burden on Defendants, sophisticated commercial sellers leveraging Amazon's nationwide marketplace and fulfillment network, is minimal relative to the interests of New York and Plaintiff, and jurisdiction promotes the efficient resolution of disputes arising from Defendants' New York-focused sales activities. Venue in this forum is thus constitutionally and statutorily proper.

28. In addition, Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants are subject to personal jurisdiction in this District, and have committed acts of infringement here by advertising, offering for sale, and selling infringing products to consumers in New York, including through e-commerce stores accessible in this District and operating under distinct merchant or seller IDs.

29.     Defendants' infringing activities have caused substantial injury to SimpliSmart in New York and within this District. Defendants have purposely directed infringing acts here and should have reasonably expected their conduct to have consequences in this jurisdiction.

30.     For example, Defendants' Amazon Storefronts and other online marketplaces actively solicit and accept orders from customers located in New York, including addresses within this District, and ship the Accused Products directly to such customers.

31.     Upon information and belief, Defendants have transacted business with U.S. consumers, including in New York and this District, through their e-commerce platforms for the sale and shipment of the Accused Products.

32.     Further, this Court has personal jurisdiction over Amazon pursuant to N.Y. C.P.L.R. § 302(a)(1) and Fed. R. Civ. P. 4(k)(1)(A) because Amazon transacts business in New York and in this District, including by operating and controlling Amazon.com as an interactive e-commerce marketplace through which products are offered for sale and sold to New York consumers, payments are processed, and products are shipped and delivered to New York addresses, including addresses in this District.

33.     Plaintiff's claims against Amazon arise out of and relate to Amazon's New York-directed conduct because the infringement alleged herein includes Amazon's operation of a marketplace that enables and consummates infringing offers for sale and sales of the Accused Products to customers in New York and this District, including by facilitating purchase transactions and, upon information and belief, fulfilling and shipping Accused Products into this District through Amazon's fulfillment and logistics network.

34.     Amazon purposefully availed itself of the privilege of conducting business in New York and this District by, among other things, (a) operating and maintaining Amazon.com as a

commercial marketplace accessible to and used by New York consumers; (b) enabling and consummating purchases by New York residents; (c) deriving substantial revenue from transactions with New York customers; and (d) providing marketplace, advertising, and logistics services tied to sales into New York. The exercise of personal jurisdiction over Amazon therefore comports with due process.

35.    Venue is proper in this District as to Amazon under 28 U.S.C. § 1400(b) because Amazon has committed acts of infringement in this District, including offering for sale and selling the Accused Products to customers located in this District through Amazon.com, and Amazon maintains a regular and established place of business in this District, including physical office space and employees located in Manhattan, New York.

## THE PATENTS-IN-SUIT

36.    U.S. Patent No. 10,448,477 (the "'477 Patent;" copy attached as Exhibit 2), entitled "Adjustable Lighting System," was duly issued on October 15, 2019., names Mitchell J. Bogart as the inventor, and remains unexpired. The '477 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

37.    U.S. Patent No. 10,802,524 (the "'524 Patent;" copy attached as Exhibit 3), entitled "Adjustable Electronic Control System," was duly issue on October 13, 2020, names Mitchell J. Bogart, Eliyahu Bogart, and Asher Baum as the inventors, and remains unexpired. The '524 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

38.    SimpliSmart is the sole owner by assignment of all right, title, and interest in the Patents-in-Suit, including the right to sue and recover for past, present, and future infringement. See Assignments (Exs. C and D).

9

39.     To the extent applicable, SimpliSmart has provided actual and/or constructive notice of the Patents-in-Suit and is not barred from pre-suit damages under 35 U.S.C. § 287.

## BACKGROUND

40.     The core of SimpliSmart Lighting's business is a family of patented inventions conceived by Mitchell J. Bogart that transform ordinary light fixtures into  self-contained, adjustable lighting system that turns ordinary fixtures into intelligent, multi-state lighting—controlled solely by existing wall switches through brief, user-generated on/off "taps."

41.     Unlike conventional "smart" solutions that require wireless hubs, pairing, or rewiring, SimpliSmart's system embeds continuous-wave modulation detection and control logic within each device. The system interprets momentary fluctuations of power as distinct control messages and then writes the resulting lighting state to memory, enabling reliable behavior across power cycles.

42.     The technology support three or more visually distinguishable lighting states—including color temperature transitions (e.g., warm <3000K and cool >4000K) and brightness adjustments—across a network of lamps/fixtures, while remaining plug-and-play for consumers and scalable for commercial deployments.

43.     SimpliSmart invested substantial time and capital in research, development, and commercialization of this architecture, building a product line and market reputation as a pioneer in unobtrusive, switch-based multi-state lighting.

## THE ACCUSED PRODUCTS

44.     Amazon is a primary channel through which the Accused Products are distributed in the United States. Upon information and belief, Amazon lists the Accused Products on Amazon.com, including through product detail pages that advertise and promote the Accused Products' multi-state lighting features (including selectable color temperatures and brightness states), and Amazon enables customers to purchase the Accused Products using Amazon's integrated ordering and payment systems.

45.     Upon information and belief, Amazon also provides fulfillment and logistics services for the Accused Products sold through its marketplace, including storing inventory in the United States, packaging and shipping Accused Products to customers, and handling returns and customer service. These services are integral to the infringing offers for sale and sales of the Accused Products to consumers in New York and this District.

46.     Upon information and belief, Amazon derives substantial revenue from the infringing commerce at issue, including commissions, referral fees, fulfillment fees, advertising fees, and other charges tied to the listing, marketing, and sale of the Accused Products on Amazon.com.

47.     Amazon has the practical ability to stop continued infringement through its platform, including by disabling infringing listings, suspending or terminating the Seller Defendants' selling privileges, and stopping fulfillment and shipment of Accused Products within Amazon's control. Despite notice of the Patents-in-Suit and the infringement described herein, Amazon has not taken adequate steps to prevent continued infringing offers for sale and sales of the Accused Products into this District.

48. Moreover, in flagrant disregard of Plaintiff's intellectual property rights, Defendants have deliberately reverse-engineered SimpliSmart's patented lighting systems and brought to market a line of products that replicate the core architecture, features, and operation of SimpliSmart's inventions.

49. Defendants' conduct was not accidental or peripheral, it represents a calculated effort to capitalize on SimpliSmart's years of innovation, investment, and goodwill by producing low-cost imitations that perform identically to the patented systems in both function and user experience.

50. The products at issue, marketed under various names including the "Slochi" lighting series (e.g., model CL40A-8-WT and related models) and the Amico lighting products, are not simple LED bulbs or generic lighting devices.

51. Instead, these are self-contained lighting control systems, embodying a sophisticated electronic design that enables the user to toggle between distinct lighting states using existing wall switches and without additional components. This functionality mirrors, in every material respect, the design principles protected by SimpliSmart's '477 and '524 Patents.

52. As conceived by inventor Mitchell J. Bogart, SimpliSmart's system represented a major departure from the conventional "smart lighting" model.

53. Where competing technologies rely on wireless hubs, proprietary apps, or expensive rewiring, Bogart's invention introduced a fully autonomous circuit-level control mechanism—one that interprets brief interruptions in electrical current as discrete control messages. These messages cause the light fixture to switch between multiple lighting states (e.g., brightness levels, color temperatures, or combinations thereof), while internal memory retains the last used setting when power is turned off.

54.    Upon information and belief, Defendants studied, disassembled, and tested SimpliSmart's commercial products designs, including those practicing the Patents-in-Suit, and thereafter replicated the patented circuitry and control logic.

55.    Defendants' resulting products use identical signal detection methods, identical response patterns, and identical state-retention logic, evidencing copying rather than independent development.

56.    The Accused Products employ electronic components configured to detect and respond to momentary fluctuations in line voltage, commonly referred to as "power cycling" or "momentary switch toggles."

57.    Specifically, the devices detect one or more brief off/on sequences as user input messages and translate those into lighting control instructions, such as changing from warm white to daylight white or dimming the light. This precise functional relationship between power toggles and state control lies at the center of the claims of both the '477 and '524 Patents.

58.    Each of the Accused Products further incorporates onboard memory circuitry, including non-volatile or volatile memory modules, programmed to store multiple lighting states and recall the most recent state after power-off.

59.    Upon information and belief, this feature operates identically to that claimed in the SimpliSmart Patents, which disclose and claim circuitry that maintains user-defined settings across power cycles.

60.    The Accused Products therefore reproduce every material element of SimpliSmart's patented technology:

(a) a lighting device comprising multiple light-emitting sub-elements;

(b) electrical control through a standard wall switch;

(c) detection of distinct power-fluctuation sequences as control messages; and

(d) retention of operational state via stored volatile and/or non-volatile memory.

Each of these elements corresponds directly to limitations found in at least independent Claim 1 of the '477 Patent and Claim 1 of the '524 Patent.

61. Publicly available materials and SimpliSmart's preliminary analysis of the Slochi and Amico products confirm these similarities. Marketing images and product descriptions provided on Defendants' Amazon storefronts and related e-commerce listings show identical lighting functions, identical visual states, and identical user control patterns as SimpliSmart's patented systems.

62. The Accused Products' technical specifications and accompanying manuals likewise refer to selectable color temperatures (e.g., warm white(including night light), neutral white, daylight white) and power-based user control, further confirming direct infringement.

63. Upon information and belief, Defendants distribute, offer for sale, and sell the Accused Products throughout the United States, including within the State of New York and this District, through major online retail platforms such as Amazon.com, Walmart.com, eBay, and through affiliated distributors. Defendants' product listings are accessible nationwide and prominently target U.S. consumers, including those located in this judicial district.

64. The infringing conduct is further evidenced by Defendants' Amazon storefront activity. Each storefront identifies shipping availability to New York addresses, confirms customer purchases in this District, and promotes fast fulfillment and delivery to New York zip codes. This commercial activity establishes a direct and substantial connection between Defendants' infringing sales and this judicial district.

65.     Upon information and belief, Defendants import the Accused Products from manufacturing facilities located overseas, including in the People's Republic of China, and act as both importer and seller of record. Defendants' acts of importation constitute infringement under 35 U.S.C. § 271(g), and their continued distribution in the United States constitutes infringement under § 271(a).

66.     Defendants' marketing strategy is calculated to mislead consumers into associating the Accused Products with legitimate smart-lighting solutions. Their use of identical control mechanisms, functionally indistinguishable product designs, and similar product imagery intentionally creates market confusion, leading consumers to believe that the Accused Products originate from or are authorized by SimpliSmart.

67.     Defendants' conduct has not only diverted sales but also eroded SimpliSmart's reputation for reliability and innovation.

68.     Because the Accused Products are built with inferior components and lack the quality control standards maintained by SimpliSmart, end users who experience performance issues may incorrectly attribute those defects to SimpliSmart's technology.

69.     Upon information and belief, Defendants have been on constructive notice of SimpliSmart's patent rights for the '477 and '524 Patents. Despite such notice, Defendants have failed to cease or even curtail their infringing activities.

70.     Instead, Defendants have continued to advertise, sell, and ship the Accused Products into this District, with full knowledge of their infringement and the resulting harm to SimpliSmart. Such conduct constitutes willful and deliberate infringement, justifying enhanced damages and attorney's fees under 35 U.S.C. §§ 284 and 285.

71.    Upon information and belief, Defendants' infringement is not isolated but part of a coordinated campaign to profit from unlicensed use of emerging U.S. lighting technologies. Defendants maintain multiple storefronts under related trade names, allowing them to evade enforcement by rebranding the same infringing products across different listings, storefronts, or seller IDs.

72.    Defendants' willful copying of SimpliSmart's patented designs has caused and continues to cause irreparable injury, including the loss of competitive position in a rapidly expanding smart-lighting market.

73.    Each infringing sale displaces a legitimate SimpliSmart sale, diminishes brand value, and undermines the incentive for continued innovation in lighting control technology.

74.    The ongoing harm to SimpliSmart is compounded by Defendants' use of search engine optimization and sponsored listings that target SimpliSmart's product names and keywords, ensuring that the infringing Slochi and Amico products appear in search results alongside genuine SimpliSmart devices. This deceptive marketing tactic furthers the confusion and amplifies the harm to Plaintiff's goodwill.

75.    Based on all of the above, the Accused Products infringe at least one claim of each of the Patents-in-Suit.

76.    SimpliSmart's investigation demonstrates that the Slochi and Amico product lines, and any substantially similar products sold, offered, or imported by Defendants, embody the patented inventions of the '477 and '524 Patents. Discovery is expected to reveal additional infringing models, resellers, and entities acting in concert with Defendants.

77.    SimpliSmart reserves the right to supplement this section as further details regarding the Accused Products become available through discovery, including technical schematics, source code, and communications regarding product design and distribution.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 10,448,477

### (Against all Defendants)

78.    SimpliSmart incorporates herein by reference the allegations set forth in paragraphs 1 through 56 as if fully set forth herein.

79.    The '477 Patent, titled Adjustable Lighting System, issued on October 15, 2019, is valid and enforceable. SimpliSmart owns all substantial rights in the '477 Patent, including the right to sue for past, present, and future infringement and to recover damages.

80.    Defendants are not licensed under the '477 Patent and have no authorization from SimpliSmart to practice any claim thereof.

81.    Amazon has directly infringed and continues to directly infringe the '477 Patent, in violation of 35 U.S.C. § 271(a), by offering for sale and selling the Accused Products in the United States, including in New York and this District, through Amazon.com. Upon information and belief, Amazon's infringing conduct includes enabling the purchase flow for the Accused Products, processing or facilitating payment, and arranging shipment and delivery of the Accused Products to customers in this District.

82.    Upon information and belief, for Accused Products sold through Amazon's fulfillment network, Amazon takes possession of the Accused Products in the United States, stores them in U.S. facilities, and ships the Accused Products to purchasers in New York and this District. Amazon's commercial acts of offering for sale, sale, and distribution of the Accused Products constitute infringement of one or more claims of the '477 Patent.

83.    Defendants have directly infringed and continue to directly infringe the '477 Patent by making, using, testing, offering to sell, selling, and/or importing within or into the United States the lighting products identified herein, including without limitation products marketed under the Slochi brand (e.g., model CL40A-8-WT) and under the Amico brand (e.g., model RD11-04-09-UC5-DN-WH) and any colorable variations of the Accused Products, in violation of 35 U.S.C. § 271(a).

84.    For example, each of the Accused Products is (or includes) a light-emitting device comprising a plurality of individual light-emitting sub-elements connected to electric power controlled by a switch, the device having three or more visually distinguishable lighting states differentiated by color temperature (e.g., Warm below 3000K and Cool above 4000K), brightness, or a combination thereof, as shown below:





85.     Upon information and belief, each Accused Product further comprises: (a) circuitry configured to detect a sequence of one or more momentary fluctuations of power defining a first user control message; (b) circuitry configured to detect a different sequence of one or more momentary fluctuations of power defining a second user control message; and (c) a memory circuit configured to store multiple lighting states and retain memory of those states during periods of power off. In the Accused Products, the first user control message includes a sequence of a momentary fluctuation of power from the on state, to the off state, and back to the on state, while the second user control message includes a sequence of a momentary fluctuation of power from the off state, to the on state, and back to the off state.

86.     At minimum, the Accused Products infringe at least independent claim 1 and one or more of claims 1–17 of the '477 Patent.

87.     In the alternative, the Accused Products infringe under the doctrine of equivalents because any differences are insubstantial and the accused features perform substantially the same

function, in substantially the same way, to achieve substantially the same result as the claim limitations.

88.    Based on publicly available materials and a reasonable pre-suit investigation, Defendants' Accused Products meet each and every limitation of at least claim 1 of the '477 Patent, including, by way of representative, non-exhaustive allegations:

89.    The Accused Products are LED fixtures/lamps comprising multiple LED sub-elements mounted on one or more boards/arrays, thereby satisfying the preamble and the "plurality of individual light-emitting sub-elements" requirement.

90.    The Accused Products connect to building mains and are operated via a standard wall switch that opens and closes the circuit to supply or remove power, as claimed.

91.    The Accused Products provide multiple, visually distinguishable operating states, including different color temperatures (e.g., warm (including-NightLight)/neutral/daylight) and/or brightness levels, each plainly distinguishable to the user.

92.    The Accused Products' modes include states below ~3000K (warm) and above ~4000K (cool) and/or distinct brightness settings, meeting the limitation that states are differentiated by color temperature, brightness, or a combination thereof.

93.    The Accused Products include on-board control circuitry that detects a first sequence of one or more momentary power interruptions/toggles (e.g., on-off-on) and interprets that sequence as a first user control message that changes the lighting state.

94.    The Accused Products include circuitry that detects a different sequence of one or more momentary power interruptions/toggles (e.g., off-on-off) constituting a second, different user control message associated with a different state change (e.g., mode advance, mode selection, or reset), as claimed.

21

95.     The Accused Products include memory circuitry(including, upon information and belief, volatile and/or non-volatile memory and/or retentive storage) configured to store multiple lighting states and to retain the current state during periods of power off for recall upon power restoration.

96.     In normal use, a consumer toggles the wall switch in brief on/off sequences; the device's control logic parses the sequence timing into a command that selects among the multiple states described above, and the stored state is recalled at the next power-on—precisely matching the functional relationships claimed in the '477 Patent.

97.     The foregoing allegations are illustrative and not exhaustive. A full claim chart identifying additional evidence, accused models, and claim limitations will be provided in discovery and/or as part of SimpliSmart's infringement contentions. SimpliSmart also reserves the right to assert additional claims of the '477 Patent as discovery progresses.

98.     Defendants' conduct constitutes direct infringement of the '477 Patent under 35 U.S.C. § 271(a). To the extent any accused feature differs in form from the exact claim language, such feature is an equivalent under the function-way-result test and/or known interchangeability.

99.     SimpliSmart has suffered and continues to suffer damages as a result of Defendants' infringement, including lost sales, lost profits, price erosion, and/or at least a reasonable royalty under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest.

100.    Defendants' continued sales and offers for sale cause irreparable harm for which legal remedies are inadequate, including loss of market share, harm to goodwill, and the entrenchment of infringing products. SimpliSmart is entitled to a permanent injunction enjoining further infringement or, in the alternative, to an ongoing running royalty no less than the rate established at trial.

101.    Defendants had at least constructive notice of the '477 Patent as of October 15, 2019.

102.    Despite such notice, Defendants continued their infringing activities. Defendants' post-notice conduct has been willful and egregious, warranting enhanced damages under § 284 and a finding that this is an exceptional case under § 285. SimpliSmart does not rely on any inference barred by 35 U.S.C. § 298.

103.    To the extent required by 35 U.S.C. § 287, SimpliSmart has provided actual and/or constructive notice of the '477 Patent (including, where applicable, virtual marking). SimpliSmart is not barred from seeking pre-suit damages.

104.    SimpliSmart seeks all remedies available at law and in equity for Defendants' direct infringement of the '477 Patent, including compensatory damages, enhanced damages, attorneys' fees and costs in this exceptional case, interest, supplemental damages for post-verdict sales, and injunctive relief as set forth in the Prayer for Relief.

105.    This description is based on publicly available information and a reasonable investigation of the structure and operation of the Accused Products. SimpliSmart reserves the right to modify this description, including, for example, on the basis of information about the Accused Products obtained during discovery.

106.    Defendants also indirectly infringes the '477 Patent within the United States by inducement under 35 U.S.C. § 271(b).

107.    Since learning of the '477 Patent, at least by the filing of this Complaint, and by failing to cease offering the Accused Products, Defendants have knowingly and intentionally induced, and continues to knowingly and intentionally induce others in this judicial district and

23

throughout the United States, including but not limited to Defendant's customers or ultimate end users, to directly infringe one or more claims of the '477 Patent, such as claim 1.

108.    Defendants do so, *inter alia*, by (1) providing instruction or information to explain how to use the Accused Products in an infringing manner (including, for example, via product descriptions and images provided on Amazon); and (2) touting these infringing uses of the Accused Products in Defendant's advertisement and other public content.

109.    Defendant's infringement has damaged and continues to damage SimpliSmart in an amount yet to be determined, of at least a reasonable royalty and the lost profits that SimpliSmart would have made but for Defendant's acts of infringement.

110.    SimpliSmart has been and continues to be injured by Defendant's infringement of the '477 Patent.

111.    SimpliSmart has suffered damages in the form of lost profits, lost sales, or lost opportunities. SimpliSmart is entitled to recover damages to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, which have yet to be determined. The full measure of damages sustained as a result of Defendant's wrongful acts will be proven at trial.

112.    Upon information and belief, Defendants will continue to directly infringe SimpliSmart's exclusive rights under the '477 Patent, and will continue to damage SimpliSmart, causing irreparable harm, unless and until it is enjoined by this Court.

113.    SimpliSmart is entitled to pre-suit damages and is not barred from pre-suit damages by 35 U.S.C. § 287. Defendants have been on constructive notice of the '477 Patent since the patent's issuance. In addition, SimpliSmart notified Defendants via this complaint that Defendants directly infringed the '477 patent.

114.    SimpliSmart is entitled to recover its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## COUNT II: CONTRIBUTORY INFRINGEMENT OF THE '477 PATENT

### (Against all Defendants)

115.    SimpliSmart incorporates herein by reference the allegations set forth in paragraphs 1 through 94 as if fully set forth herein.

116.    Defendants are not licensed under the '477 Patent and have no authorization from SimpliSmart to practice any claim thereof.

117.    Upon information and belief, Defendants have contributorily infringed, and continue to contributorily infringe, one or more claims of the '477 Patent by selling, offering to sell, and importing within or into the United States the Accused Products, which constitute a material part of the inventions claimed in the '477 Patent.

118.    Direct infringement of at least claim 1 of the '477 Patent occurs when purchasers and end users install and operate the Accused Products on standard wall-switch circuits and use momentary power toggles to select among multiple lighting states with state retention, as alleged in the preceding factual sections.

119.    Amazon has contributorily infringed and continues to contributorily infringe one or more claims of the '477 Patent under 35 U.S.C. § 271(c) by offering for sale and selling the Accused Products through Amazon.com and, upon information and belief, by providing fulfillment and logistics services for the Accused Products sold through its marketplace, where the Accused Products constitute a material part of the patented inventions and are not staple articles of commerce suitable for substantial non-infringing use.

120. Upon information and belief, Amazon has had knowledge of the Patents-in-Suit and the infringing nature of the Accused Products at least since December 8, 2025, and despite that knowledge Amazon has continued to provide services and to facilitate the infringing offers for sale and sales of the Accused Products.

121. The Accused Products include, inter alia, control circuitry configured to detect sequences of one or more momentary power fluctuations as user control messages and memory circuitry configured to store and retain multiple lighting states across power-off periods. These circuitry features and their programmed interactions are a material part of the claimed inventions.The Accused Products, as sold and promoted by Defendants, are especially made or especially adapted for use in practicing the inventions of the '477 Patent, including at least the sequence-detection control logic and state-retaining memory that enable multi-state operation through momentary power toggles.

122. The Accused Products are not staple articles of commerce suitable for substantial non-infringing use. Their core, intended, and advertised functionality is to implement multi-state lighting via momentary power-toggle detection with state retention—the very functionality recited in the '477 Patent. Any hypothetical non-infringing use would be atypical, contrived, or commercially insignificant.

123. The infringing use by end users is foreseeable and is the ordinary and intended operation of the Accused Products as designed, manufactured, marketed, and supported by Defendants.

124. Upon information and belief, Defendants had constructive notice as of the '477 Patent's issue date.

125. Upon information and belief, Defendants were at minimum willfully blind to the infringing nature of the Accused Products in view of their own design choices, testing, quality control, product documentation, and marketing that highlight the very features that satisfy the claim limitations.

126. To the extent Defendants contend that some portion of the Accused Products (e.g., LEDs in isolation) could be used in non-infringing ways, such uses are not substantial within the meaning of § 271(c) because Defendants sell integrated devices whose principal and commercially significant uses are infringing.

127. Defendants' continued sale and importation of the Accused Products after notice constitutes contributory infringement of the '477 Patent under 35 U.S.C. § 271(c).

128. As a direct and proximate result of Defendants' contributory infringement, SimpliSmart has suffered and will continue to suffer damages in an amount to be proven at trial, including at least a reasonable royalty and, where proven, lost profits, together with pre- and post-judgment interest under 35 U.S.C. § 284.

129. SimpliSmart has suffered and continues to suffer irreparable harm from Defendants' ongoing contributory infringement, including loss of market share, price erosion, and harm to goodwill, for which monetary relief alone is inadequate. SimpliSmart is entitled to injunctive relief enjoining further contributory infringement.

130. SimpliSmart is not barred from recovering pre-suit damages by 35 U.S.C. § 287 to the extent marking or notice requirements are satisfied as alleged in the preceding paragraphs.

131. Defendants' post-notice conduct has been egregious and willful, warranting enhanced damages under 35 U.S.C. § 284 and a finding that this is an exceptional case under 35 U.S.C. § 285, with an award of attorneys' fees and costs.

132.    SimpliSmart seeks an accounting of all infringing sales attributable to Defendants' contributory infringement and supplemental damages for post-verdict contributory infringement not otherwise included in a damages award.

133.    SimpliSmart reserves the right to amend this Count to identify additional accused models, additional claims of the '477 Patent, and additional entities acting in concert with Defendants as discovery proceeds.

## COUNT III: INDUCED INFRINGEMENT OF THE '477 PATENT

### (Against all Defendants)

134.    SimpliSmart incorporates herein by reference the allegations set forth in paragraphs 1 through 111 as if fully set forth herein.

135.    Amazon has induced and continues to induce infringement of one or more claims of the '477 Patent under 35 U.S.C. § 271(b) by knowingly facilitating, encouraging, and promoting the sale and infringing use of the Accused Products through Amazon.com, including by hosting and disseminating product descriptions, images, and marketing content that instruct and encourage customers to use the Accused Products in their intended mode—i.e., installing the devices on standard wall-switch circuits and using momentary power toggles to select among multiple lighting states with state retention.

136.    Upon information and belief, Amazon's inducement includes providing advertising and promotional placement for the Accused Products (including through search results and sponsored placements), enabling one-click purchasing, and using its fulfillment and logistics network to ensure rapid delivery of the Accused Products into New York and this District, thereby increasing sales and encouraging end users' infringing use.

137. Defendants are not licensed under the '477 Patent, yet Defendants knowingly, actively, and lucratively induces infringement of the claimed inventions of the '477 Patent.

138. Upon information and belief, Defendants have induced infringement, literally or under the doctrine of equivalents, of one or more claims of the '477 Patent by its intentional marketing of and encouraging the use of the Accused Products by end users to as to directly infringe one or more claims of the '477 Patent.

139. For example, upon information and belief, Defendants instruct end users on how to perform the claimed method in its user manuals and on the Amazon product page for each Accused Product. Specifically, the product page instructs users on how to install the light fixture "without the help of an electrician," that the light fixture can match 99% of junction boxes, and that a user may select their "favorite color by sliding the button on the back of the product as shown in the advertisement picture."

140. Upon information and belief, Defendants know or have been willfully blind to the fact that its marketing of and encouraging the use of its Accused Products by end users to perform the steps claimed in at least one or more claims of the '477 Patent constitutes direct infringement of the '477 Patent.

141. Specifically, Defendants' marketing of and encouraging the use of its Accused Products by end users of the Accused Products constitute inducement of infringement of at least independent claim 1 of the '477 Patent in the United States and its territories, for the reasons set forth in paragraphs 19-20 above.

142. Defendants are therefore liable for inducement of infringement of the '477 Patent pursuant to 35 U.S.C. § 271(b).

143.    As a result of Defendants' unlawful inducement of infringement of the '477 Patent, SimpliSmart has suffered and will continue to suffer damages in an amount to be proven at trial. SimpliSmart is entitled to recover from Defendants the damages adequate to compensate for such infringement, in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284, which have yet to be determined. The full measure of damages sustained as a result of Defendants' wrongful acts will be proven at trial.

144.    Upon information and belief, Defendants will continue to induce infringement of SimpliSmart's exclusive rights under the '477 Patent, and will continue to damage SimpliSmart, causing irreparable harm, unless and until it is enjoined by this Court.

145.    SimpliSmart is entitled to pre-suit damages and is not barred from pre-suit damages by 35 U.S.C. § 287.

146.    Defendants' inducing infringement of the '477 Patent, which is entitled to statutory presumption of validity of 35 U.S.C. § 282, has been and continues to be deliberate and willful.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,802,524

### (Against all Defendants)

147.    SimpliSmart incorporates herein by reference the allegations set forth in paragraphs 1 through 124 as if fully set forth herein.

148.    Defendants are not licensed under the '524 Patent, yet Defendants knowingly, actively, and lucratively practices the claimed inventions of the '524 Patent.

149.    Amazon has directly infringed and continues to directly infringe the '524 Patent, in violation of 35 U.S.C. § 271(a), by offering for sale and selling the Accused Products in the United States, including in New York and this District, through Amazon.com. Upon information and belief, Amazon's infringing conduct includes enabling the purchase flow for the Accused Products,

processing or facilitating payment, and arranging shipment and delivery of the Accused Products to customers in this District.

150.    Upon information and belief, for Accused Products sold through Amazon's fulfillment network, Amazon takes possession of the Accused Products in the United States, stores them in U.S. facilities, and ships the Accused Products to purchasers in New York and this District. Amazon's commercial acts of offering for sale, sale, and distribution of the Accused Products constitute infringement of one or more claims of the '524 Patent.

151.    Upon information and belief, Defendants have been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '524 Patent, including but not limited to claim 1, by making, using, selling, offering for sale, or importing into the U.S. and its territories, without license or authority, the Accused Products.

152.    Defendants' Accused Products directly infringe, literally or under the doctrine of equivalents, independent claim 1 because the Accused Products satisfy each and every claim limitation of claim 1 described generally as follows: each Accused Product is (or includes) an electrical device connected to electric power controlled by a switch, with at least two different electrical operational states, and further comprises: (a) circuitry configured to detect a sequence of one or more momentary fluctuations of power defining a first user message, the first message corresponding to a change in electrical operational state, and the circuitry implementing that change in response to detection of the first message; (b) circuitry configured to detect a different sequence of one or more momentary fluctuations of power defining a second user message, the second message corresponding to and defining a fixed reset electrical operational state, and the circuitry implementing a change from the current state, regardless of which state it may be, to the fixed reset state; and (c) a memory circuit, volatile or non-volatile, configured to store the current

electrical operational state as a number corresponding to one of the countable electrical operational states, with non-volatile memory retaining the stored state, including the current state, during periods of power off.

153. Defendants' direct infringement includes, without limitation, using the Accused Products to perform the claimed methods of at least independent claim 13 of the '524 Patent in the United States and its territories.

154. Defendants are therefore liable for direct infringement of the '524 Patent pursuant to 35 U.S.C. § 271(a).

155. As a result of Defendants' unlawful infringement of the '524 Patent, SimpliSmart has suffered and will continue to suffer damages in an amount to be proven at trial. SimpliSmart is entitled to recover from Defendants the damages adequate to compensate for such infringement, in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284, which have yet to be determined. The full measure of damages sustained as a result of Defendants' wrongful acts will be proven at trial.

156. Upon information and belief, Defendants will continue to infringe SimpliSmart's exclusive rights under the '524 Patent, and will continue to damage SimpliSmart, causing irreparable harm, unless and until it is enjoined by this Court.

157. SimpliSmart is entitled to pre-suit damages and is not barred from pre-suit damages by 35 U.S.C. § 287.

## COUNT V: CONTRIBUTORY INFRINGEMENT OF THE '524 PATENT

### (Against all Defendants)

158.    SimpliSmart incorporates herein by reference the allegations set forth in paragraphs 1 through 135 as if fully set forth herein.

159.    Defendants is not licensed under the '524 Patent, yet Defendants knowingly, actively, and lucratively contributorily practices the claimed inventions of the '524 Patent.

160.    Upon information and belief, Defendants also have been contributorily infringing, without limitation, at least Independent claims 1 and 13 of the '524 Patent under 35 U.S.C § 271(c) through, among other things, the sale, offer for sale and importation into the United States of its Accused Products, which constitute a material part of the patented inventions of one or more of the claims of the '524 Patent and are not a staple article of commerce suitable for non-infringing uses.

161.    Upon information or belief, Defendants know or have been willfully blind to the fact that its Accused Products are especially made or adapted for use in an infringement of one or more of the claims of the '524 Patent and are not a staple article of commerce suitable for non-infringing uses.

162.    Upon information and belief, Defendants know or has been willfully blind to the fact that the features of its Accused Products are especially made or adapted for use in a direct infringement of one or more of the claims of the '524 Patent and are not a staple article of commerce suitable for non-infringing uses, because SimpliSmart put Defendants on notice of the '524 Patent, including providing Defendants a detailed description of the technology of the '524 Patent.

163. More specifically, Defendants' making, selling, using, offering for sale and/or importing of the Accused Products constitute contributory infringement of at least independent claims 1 and 13 of the '524 Patent in the United States and its territories, for the reasons set forth above.

164. Defendants are therefore liable for contributory infringement of the '524 Patent under 35 U.S.C. § 271(c).

165. As a result of Defendants' unlawful contributory infringement of the '524 Patent, SimpliSmart has suffered and will continue to suffer damages in an amount to be proven at trial. SimpliSmart is entitled to recover from Defendants the damages adequate to compensate for such infringement, in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284, which have yet to be determined. The full measure of damages sustained as a result of Defendant's wrongful acts will be proven at trial.

166. Amazon has contributorily infringed and continues to contributorily infringe one or more claims of the '477 Patent under 35 U.S.C. § 271(c) by offering for sale and selling the Accused Products through Amazon.com and, upon information and belief, by providing fulfillment and logistics services for the Accused Products sold through its marketplace, where the Accused Products constitute a material part of the patented inventions and are not staple articles of commerce suitable for substantial non-infringing use.

167. Upon information and belief, Amazon has had knowledge of the Patents-in-Suit and the infringing nature of the Accused Products at least since December 8, 2025, and despite that knowledge Amazon has continued to provide services and to facilitate the infringing offers for sale and sales of the Accused Products.

168.    Upon information and belief, Defendants will continue to contributorily infringe SimpliSmart's exclusive rights under the '524 Patent, and will continue to damage SimpliSmart, causing irreparable harm, unless and until it is enjoined by this Court.

169.    SimpliSmart is entitled to pre-suit damages and is not barred from pre-suit damages by 35 U.S.C. § 287.

170.    Upon information and belief, Defendants deliberately copied each and every claim limitation of at least Claim 1 of the '524 Patent. Defendants' conduct towards SimpliSmart in connection with its deliberate disregard of the '524 Patent was and continues to be egregious, including after the filing of SimpliSmart's initial complaint in this action.

## COUNT VI: INDUCED INFRINGEMENT OF THE '524 PATENT

### (Against all Defendants)

171.    SimpliSmart incorporates herein by reference the allegations set forth in paragraphs 1 through 148 as if fully set forth herein.

172.    Defendants are not licensed under the '524 Patent, yet Defendants knowingly, actively, and lucratively induces infringement of the claimed inventions of the '524 Patent.

173.    Upon information and belief, Defendants have induced infringement, literally or under the doctrine of equivalents, of one or more claims of the '524 Patent by its intentional marketing of and encouraging the use of the Accused Products by end users to as to directly infringe one or more claims of the '524 Patent.

174.    For example, upon information and belief, Defendants instruct its end users on how to perform the claimed method in its user manuals and on the Amazon product page for each Accused Product. Specifically, the product page instructs users on how to install the light fixture "without the help of an electrician" and that the "light fixture can match 99% of junction boxes."

175.    Upon information and belief, Defendants know or hav been willfully blind to the fact that its marketing of and encouraging the use of its Accused Products by end users to perform the steps claimed in at least one or more claims of the '524 Patent constitutes direct infringement of the '524 Patent.

176.    Specifically, Defendants' marketing of and encouraging the use of its Accused Products by end users of the Accused Products constitute inducement of infringement of at least independent claim 1 of the '524 Patent in the United States and its territories, for the reasons set forth in paragraph 60 above.

177.    Defendants are therefore liable for inducement of infringement of the '524 Patent pursuant to 35 U.S.C. § 271(b).

178.    As a result of Defendants' unlawful inducement of infringement of the '524 Patent, SimpliSmart has suffered and will continue to suffer damages in an amount to be proven at trial. SimpliSmart is entitled to recover from Defendants the damages adequate to compensate for such infringement, in an amount no less than a reasonably royalty pursuant to 35 U.S.C. § 284, which have yet to be determined. The full measure of damages sustained as a result of Defendants' wrongful acts will be proven at trial.

179.    Amazon has induced and continues to induce infringement of one or more claims of the '524 Patent under 35 U.S.C. § 271(b) by knowingly facilitating, encouraging, and promoting the sale and infringing use of the Accused Products through Amazon.com, including by hosting and disseminating product descriptions, images, and marketing content that instruct and encourage customers to use the Accused Products in their intended mode—i.e., installing the devices on standard wall-switch circuits and using momentary power toggles to select among multiple lighting states with state retention.

180. Upon information and belief, Amazon's inducement includes providing advertising and promotional placement for the Accused Products (including through search results and sponsored placements), enabling one-click purchasing, and using its fulfillment and logistics network to ensure rapid delivery of the Accused Products into New York and this District, thereby increasing sales and encouraging end users' infringing use.

181. Upon information and belief, Defendants will continue to induce infringement of SimpliSmart's exclusive rights under the '524 Patent, and will continue to damage SimpliSmart, causing irreparable harm, unless and until it is enjoined by this Court.

182. SimpliSmart is entitled to pre-suit damages and is not barred from pre-suit damages by 35 U.S.C. § 287.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, SimpliSmart prays for judgment and respectfully requests that this Court enter judgment in its favor and that the Court grant SimpliSmart the relief as follows:

A. Judgment that Defendants have directly infringed and continue to directly infringe one or more claims of the '477 Patent, literally or under the doctrine of equivalents or both;

B. Judgment that Defendants have contributorily infringed and continue to contributorily infringe one or more claims of the '477 Patent, literally or under the doctrine of equivalents or both;

C. Judgment that Defendants have induced infringement and continue to induce infringement one or more claims of the '477 Patent, literally or under the doctrine of equivalents or both;

D. Judgment that such direct, contributory, and induced infringement of the '477 Patent has been willful;

E.      Judgment that the '477 Patent is neither invalid nor unenforceable;

F.      Judgment that Defendants have directly infringed and continue to directly infringe one or more claims of the '524 Patent, literally or under the doctrine of equivalents or both;

G.      Judgment that Defendants have contributorily infringed and continue to contributorily infringe one or more claims of the '524 Patent, literally or under the doctrine of equivalents or both;

H.      Judgment that Defendants have induced infringement and continue to induce infringement one or more claims of the '524 Patent, literally or under the doctrine of equivalents or both;

I.      Judgment that such direct, contributory, and induced infringement of the '524 Patent has been willful;

J.      Judgment that the '524 Patent is neither invalid nor unenforceable;

K.      A permanent injunction enjoining Defendants and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert therewith from infringement of the '477 Patent and the '524 Patent;

L.      Award to SimpliSmart of the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement, including compensatory damages;

M.      Award to SimpliSmart enhanced damages due to the willful nature of the infringement of the '477 Patent and the '524 Patent;

N.      Judgment that this case is exceptional pursuant to 35 U.S.C § 285 and awarding SimpliSmart its attorneys' fees and costs;

O.      Award to SimpliSmart all the costs and expenses in this action;

P.        Award to SimpliSmart pre- and post-judgment interest on its damages; and

**Q.**        Award to SimpliSmart such other and further relief in law or in equity as this Court

deems just and proper.

<u>**JURY DEMAND**</u>

SimpliSmart requests a trial by jury of any and all issues to be triable by right.


Respectfully Submitted,


Dated: New York, NY
          March 2, 2026

By:        <u>*/s/ Michael Steinmetz*</u>
           Michael Steinmetz (MS3164)
           225 Broadway, 37th Floor
           New York, NY 10007
           Tel: (212) 380-3623
           Email: ms@gs2law.com

           *Attorney for Plaintiff*
           *SimpliSmart*