**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIMPLISMART LLC,<br><br>Plaintiff,<br><br>v.<br><br>WUHAN TIEJINNI TECHNOLOGY COMPANY D/B/A SLOCHI, NINGBO MEISHAN BONDED PORT MAISILANG PHOTOELECTRIC TECHNOLOGY CO., LTD. D/B/A AMICO, and AMAZON.COM, INC.,<br><br>Defendants. | Civ. Action No. 1:26-cv-00053 (KPF)<br><br>Hon. Katherine Polk Failla |

**STIPULATED PROTECTIVE ORDER**

Plaintiff SimpliSmart LLC ("Plaintiff" or "SimpliSmart") and Defendant Ningbo Meishan Bonded Port Maisilang Photoelectric Technology Co., Ltd. d/b/a Amico ("Defendant" or "Amico") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this action, and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

**WHEREAS**, SimpliSmart and Amico (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

**IT IS HEREBY ORDERED** that any person subject to this Order, including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, will adhere to the following terms, upon pain of contempt:

**1.** With respect to "Discovery Material" (as defined below) that a person has designated as Protected Material pursuant to this Order, no person subject to this Order may disclose such Protected Material to anyone else except as this Order expressly permits. As used in this Order:

**a.** "Discovery Material" means information of any kind produced or disclosed in the course of discovery in this action, including Discovery Material produced by any non-party in response to a subpoena and Discovery Material produced before entry of this Order.

**b.** "Outside Counsel" means (i) outside counsel of record and outside counsel not of record for a Party in this action, and (ii) the partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation.

**c.** "Asserted Patents" means U.S. Patent No. 10,448,477 (the "'477 Patent") and U.S. Patent No. 10,802,524 (the "'524 Patent"), together with any other patent asserted in this action, and any related patent, patent application, provisional

application, continuation, continuation-in-part, divisional, reissue, or reexamination thereof.

**d.** "Party" means any party to this case, including its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

**e.** "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

**f.** "Protected Material" means any Discovery Material designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order. Protected Material does not include: (i) advertising or marketing materials that have been actually published or publicly disseminated; and (ii) materials that show on their face that they have been disseminated to the public.

**g.** "Receiving Party" means any Party that receives Discovery Material from a Producing Party.

**h.** "Source Code" means human-readable programming language text that defines software, firmware, and/or circuits, including the text of any associated comments, any files containing any of the foregoing, and all directory and folder structures in which such files are maintained, including, without limitation, text written in C, C++, C#, Objective-C, MATLAB, assembly language, macros, or any digital signal processor ("DSP") programming

language, as well as "include," "make," and "link" files, and text files containing circuit descriptions in VHDL, Verilog, or other hardware description language ("HDL") or netlist formats.

**2.** A Producing Party may designate as Protected Material only the portion of Discovery Material that it reasonably and in good faith believes consists of:

**a.** previously non-disclosed financial information (including, without limitation, profitability reports or estimates, unit costs, royalty rates, sales data, and profit margins);

**b.** previously non-disclosed information relating to the ownership or control of any non-public company;

**c.** previously non-disclosed business plans, product-development information, engineering drawings, technical specifications, or marketing plans;

**d.** previously non-disclosed Source Code;

**e.** information of a personal or intimate nature regarding any individual;

**f.** previously non-disclosed license agreements, settlement agreements, covenants not to sue, and releases, and communications and negotiations concerning any of the foregoing, including any such agreement subject to a confidentiality obligation owed to a non-party;

**g.** unpublished patent applications, invention disclosures, and other non-public materials relating to the preparation or prosecution of any patent application, to the extent such materials are not withheld as privileged or protected; or

**h.** any other category of information that this Court subsequently affords confidential status.

A Producing Party may designate Protected Material "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only if it reasonably and in good faith believes that the material is so competitively or commercially sensitive that its disclosure to another Party, even under the restrictions applicable to "CONFIDENTIAL" material, would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such material may include, without limitation, non-public technical information concerning the design, operation, or firmware of any product; non-public sales, cost, pricing, and profit information; and the materials described in subparagraphs 2(f) and 2(g) above.

**3.** With respect to Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate a portion as Protected Material by: (a) stamping or otherwise clearly marking the protected portion "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" in a manner that will not interfere with legibility; and (b) producing, for future public use, a copy of the same Discovery Material with the Protected Material redacted, if the Producing Party intends to rely on the document in a public filing.

**4.** A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Protected Material either by: (a) indicating on the record during the deposition that a question calls for Protected Material, in which case the reporter will mark the transcript accordingly, or bind the transcript of the designated testimony in a separate volume marked accordingly if only a portion is designated as containing Protected Material; or (b)

notifying the reporter and all counsel of record, in writing, within thirty (30) days after the deposition concludes, of the specific pages and lines to be designated, in which case all counsel receiving the transcript will be responsible for marking their copies as directed. During that 30-day period, all Parties will treat the entire transcript as if it had been designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY".

**5.** The inadvertent failure to designate Discovery Material as Protected Material is governed by Paragraph 25 below.

**6.** Nothing in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

**7.** Where a Producing Party has designated Discovery Material as "CONFIDENTIAL," other persons subject to this Order may disclose that material only to the following persons:

**a.** one (1) employee of a Party;

**b.** Outside Counsel, including any paralegal, clerical, or other assistant that Outside Counsel employs and assigns to this action;

**c.** outside vendors or service providers (such as copy-service providers and document-management consultants) that Outside Counsel hires and assigns to this action;

**d.** any mediator or arbitrator the Parties engage in this action, or that the Court appoints;

**e.** as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

**f.** any witness whom counsel for a Party calls to testify at trial or deposition in this action;

**g.** any person a Party retains to serve as an expert witness or otherwise provide specialized advice to Outside Counsel in connection with this action;

**h.** stenographers engaged to transcribe depositions in this action; and

**i.** this Court, including any appellate court, its support personnel, and court reporters.

**8.** Before disclosing Confidential Discovery Material to any person referred to in subparagraphs 7(a), 7(d), 7(f), or 7(g), counsel must provide a copy of this Order to that person, who must state that he or she has read this Order and agrees to be bound by its terms by signing the Stipulated Undertaking, the form of which is shown in Appendix A.

**9.** Where a Producing Party has designated Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," other persons subject to this Order may disclose that material only to the following persons:

**a.** Outside Counsel, including any paralegal, clerical, or other assistant that Outside Counsel employs and assigns to this action;

**b.** outside vendors or service providers that Outside Counsel hires and assigns to this action, working under the direction and control of Outside Counsel, who is responsible for the conduct for said outside vendors or service providers;

**c.** any mediator or arbitrator the Parties engage in this action, or that the Court appoints;

**d.** as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

**e.** any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided the procedures in Paragraph 23 below are followed before disclosure;

**f.** stenographers engaged to transcribe depositions in this action;

**g.** during a deposition or at trial, any current officer, director, employee, or Rule 30(b)(6) designee of the Producing Party, and any former officer, director, or employee of the Producing Party who authored, received, or is reasonably believed to have had lawful access to the material; and

**h.** this Court, including any appellate court, its support personnel, and court reporters.

**10. Filing of Protected Material with the Court.** This Order does not, by itself, authorize the filing of any document under seal or with redactions. Any Party seeking to file with the Court any Protected Material, or any pleading, motion, brief, letter, or other paper disclosing or discussing Protected Material, must separately comply with Rule 9 of Judge Failla's Individual

Rules of Practice in Civil Cases, including without limitation the requirements that: (a) any letter motion seeking leave to redact or seal be filed in public view, explain the particular reasons for the requested redaction or sealing, and not itself disclose the information sought to be protected; (b) any redaction or sealing be narrowly tailored to serve the interest justifying it and consistent with the presumption in favor of public access to judicial documents, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); and (c) the publicly filed redacted version (or, for a sealed exhibit, a single page marked "SEALED" in its place), together with an unredacted version filed under seal and electronically related to the motion, be submitted as Rule 9(B)–(C) directs, along with the courtesy copies to Chambers described therein. The Parties acknowledge that their agreement, or the fact that information is Protected Material under this Order, is not by itself a sufficient basis to seal or redact a judicial document.

**11.** The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Protected Material and submitted to the Court in connection with any motion, application, or proceeding that may result in an order or decision of the Court. The Parties acknowledge that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Protected Material.

**12.** Any Party who objects to a confidentiality designation may, at any time before trial, serve on counsel for the Producing Party a written notice stating with particularity the grounds for the objection. If the Parties cannot resolve the dispute through a good-faith meet-and-confer, either Party may raise the dispute with the Court in accordance with Rule 3(C) of Judge Failla's Individual Rules of Practice in Civil Cases (governing discovery disputes). Until the Court rules, the Discovery Material at issue will continue to be treated in accordance with its existing

designation. The Producing Party bears the burden of establishing that the challenged designation is proper.

**13.** Any Party who seeks additional limits on the disclosure of Discovery Material may, at any time before trial, serve on counsel for the recipient Parties a written notice stating with particularity the grounds for the request. If the Parties cannot resolve the dispute through a good-faith meet-and-confer, either Party may raise the dispute with the Court in accordance with Rule 3(C) of Judge Failla's Individual Rules of Practice in Civil Cases.

**14.** Recipients of Protected Material may use it solely for the prosecution and defense of this action and any appeal, and not for any business, commercial, or competitive purpose or in any other litigation or proceeding. Nothing in this Order affects or restricts the rights of any Party with respect to its own documents or information.

**15.** Nothing in this Order prevents a Party from producing Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required by law or by a government agency having jurisdiction, provided that the Party gives written notice to the Producing Party as soon as reasonably possible and, if permitted by the time allowed for response, at least ten (10) days before any disclosure. The Producing Party bears the burden of opposing compliance with the subpoena or other process if it deems it appropriate to do so.

**16.** Each person with access to Protected Material must take all due precautions to prevent its unauthorized or inadvertent disclosure.

**17.** Within sixty (60) days of the final disposition of this action, including all appeals, each Receiving Party must either return all Protected Material (and all copies) to the Producing Party or destroy it, and must certify the return or destruction in writing, affirming that it has not

retained any copies, abstracts, compilations, summaries, or other reproductions of the Protected Material. Notwithstanding the foregoing, Outside Counsel may retain one archival copy of pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Material; any such archival copy remains subject to this Order.

**18.** This Order will survive the termination of this litigation and remains binding on all persons to whom Protected Material is produced or disclosed.

**19.** The Court retains jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligation arising under it or to impose sanctions for any violation of it.

**20. Access to and Use of Protected Material.**

a. **Basic Principles.** Protected Material shall be used solely for this case and any related appeal, and for no other purpose, including any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceeding, or any business or competitive purpose. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

b. **Secure Storage; No Export.** Protected Material must be stored and maintained by a Receiving Party in a secure manner that limits access to persons authorized under this Order. No person authorized to receive Protected Material under this Order shall be excluded from access on the basis of nationality, and nothing in this Paragraph restricts a Producing Party's access to or use of its own Discovery Material as provided in Paragraph 20(e) below.

c. **Legal Advice Based on Protected Material.** Nothing in this Order prevents Outside Counsel from advising a client based in whole or in part on Protected Material, provided counsel does not disclose the Protected Material itself except as this Order permits.

d. **Patent Prosecution Bar.** Absent the written consent of the Producing Party, no person on behalf of Plaintiff, including any technical advisor of Plaintiff who receives Defendant's technical information designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or any material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" ("Barred Material") shall not advise, counsel, prepare, prosecute, supervise, or otherwise assist in the preparation or prosecution of any patent application (including in a reissue or reexamination proceeding) in the Field of Invention of the Asserted Patents. The Field of Invention shall be controls for electrical devices such as ceiling fans (with or without contained lights), light fixtures, and modules and light switches. Financial, sales, licensing, and other non-technical information does not constitute Barred Material. This bar does not extend to participation in post-grant proceedings such as inter partes review on behalf of a client, except that said person shall not participate – directly or indirectly – in the amendment of any claim(s). The bar does not prohibit advising clients on other legal matters involving patents, including validity, enforcement, licensing, or settlement negotiations. This bar begins when the individual first receives such Protected Material and ends one (1) year after the settlement, dismissal, or final non-appealable termination of this action. This

bar is personal to each individual who reviews Barred Material and shall not be imputed to any other attorney or agent, including other attorneys of the same firm. Nothing in this Paragraph restricts any patent prosecution counsel for a Party who has not reviewed Barred Material, including counsel responsible for prosecuting any application related to the Asserted Patents, provided such counsel does not receive Barred Material.

**e.** **Limitations.** Nothing in this Order restricts a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order restricts the use or disclosure by a Receiving Party of Discovery Material that: (i) is or becomes publicly known through no fault of the Receiving Party; (ii) is lawfully acquired by or known to the Receiving Party independently of the Producing Party; (iii) was previously produced or disclosed by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) is disclosed with the Producing Party's consent; or (v) is disclosed pursuant to an order of the Court.

**21. Discovery Material Designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."**

**a.** A Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, or trade-secret Source Code.

**b.** Subject to Paragraph 22 below, such material may be disclosed solely to:

**i.** the Receiving Party's Outside Counsel, provided such counsel is not involved in competitive decision-making, as defined in U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such counsel's immediate paralegals and staff, and any copying or clerical litigation-support services working at their direction;

**ii.** no more than two (2) outside experts or consultants retained by the Receiving Party to assist in this action, to the extent necessary to perform such work, provided that: (a) the expert or consultant has agreed to be bound by this Order; (b) the expert or consultant is not a current officer, director, or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become one; (c) the expert or consultant is not involved in competitive decision-making on behalf of a Party or a competitor of a Party; and (d) no unresolved objection to such disclosure exists after proper notice under Paragraph 23;

**iii.** court reporters, stenographers, and videographers retained to record testimony in this action;

**iv.** the Court, jury, and court personnel;

**v.** any mediator assigned to this action, and his or her staff, subject to their agreement to maintain confidentiality to the same degree required by this Order; and

**vi.** any other person with the prior written consent of the Producing Party.

**22. Disclosure and Review of Source Code.**

**a.** Any Source Code produced by Plaintiff will be made available for remote inspection (e.g., using a VPN or third-party review platform) and/or in-person inspection in electronic format at the New York, NY office of its Outside Counsel, or at any other location mutually agreed by the Parties. Any Source Code produced by Defendant will be made available for remote inspection and/or in-person inspection in electronic format at the Clovis, CA office of its Outside Counsel, or at any other location and time mutually agreed by the Parties.

**b.** The Receiving Party shall provide fourteen (14) days' notice before the first in-person inspection and seven (7) days' notice before any additional in-person inspection. Advance notice for continuation of an ongoing review is sufficient if given by 3:00 p.m. local time during a review session, for the review to continue the next business day, subject to availability of the Source Code Computer.

**c.** Unless the Parties agree otherwise, Source Code designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection subject to the following:

**i.** For in-person review, the Source Code will be made available on a secured, standalone computer without internet or network access, with all data ports disabled except a single printer port (the "Source Code Computer," located in the "Source Code Review Room"), unless the

Parties agree on another printing solution. Upon request, and absent a written objection for good cause served within fourteen (14) business days of the request, the Producing Party shall install reasonable analysis tools, supplied by the Producing Party or licensed by the Receiving Party, at least three (3) business days before the requested inspection; such tools may not compile, assemble, or build the Source Code, and may not defeat any security measure of the Source Code Computer. In the event that the Producing Party accures any costs with respect to the requested analysis tools, all costs and/or license payments for said analysis tools shall be prepaid by the Requesting Party at least ten (10) days in advance of the requested inspection.

**ii.** The Source Code Computer will remain available for review through the close of expert discovery.

**iii.** No outside electronic devices or recording equipment (including cameras, cellular phones, smart phones, PDAs, tablets, laptops, or removable media) may be brought into the Source Code Review Room. The Reviewer shall be entitled to take handwritten notes relating to the Source Code but may not copy the Source Code into notes and may not take such notes electronically on the stand-alone computer itself. For the avoidance of doubt, no reviewer may copy or include any portion of the Source Code in electronic notes. No images, scans, or other electronic copies of Source Code shall be made without prior written consent of the Producing Party, except as necessary to create documents that, pursuant to the Court's

rules, procedures, and orders, must be filed or served electronically. Reviewers may take handwritten notes, but may not copy Source Code into them and may not take such notes electronically on the stand-alone computer itself; such notes must be labeled "CONFIDENTIAL SOURCE CODE – SUBJECT TO PROTECTIVE ORDER." No copy of the Source Code, in any form, may leave the Source Code Review Room except as this Order expressly permits.

**iv.** The Producing Party may exercise personal supervision over the Receiving Party while in the Source Code Review Room to prevent unauthorized copying or removal, but such supervision shall not extend to reviewing the Receiving Party's work product, and there shall be no video supervision that would reveal the substance of the review.

**v.** The Producing Party may employ reasonable security measures (physical security, disabled ports, encryption, access logging, and pre/post-review benchmarking to verify integrity), and the Receiving Party shall not attempt to circumvent them. All persons who review Source Code on a given day shall sign a log identifying themselves and their times of entry and departure; the Producing Party's Outside Counsel shall maintain the log and make it available to all Parties.

**vi.** Reviewers may select portions of Source Code for printing only when reasonably necessary to prepare filings, expert reports, contentions, or trial exhibits, and only portions believed relevant to the claims and

defenses in the case; printed pages shall be Bates-numbered, and originals retained by the Producing Party. Printed portions exceeding one hundred (100) total pages for any software release, or a continuous block of more than forty (10) pages, are rebuttably presumed excessive absent agreement or a Court order; the Parties shall meet and confer within two (2) business days of any objection, and either Party may thereafter move to compel or for a protective order.

**vii.** The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – SOURCE CODE" any pages printed by the receiving Party. Within four (4) business days, the Producing Party shall either (i) deliver using a next business day delivery service (such as FedEx overnight) three copies of such pages to the receiving Party, or (ii) inform the receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. Should the Producing Party request an extension to the four (4) business days, the Receiving Party shall not unreasonably withhold consent for more time. If the Producing Party objects and, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party will raise it with the Court. The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this action.

**viii.** Printed copies of Source Code maintained by the Receiving Party or any authorized recipient under Paragraph 22 must be kept in a locked

container in a secure location, accessible only to persons authorized under Paragraph 21(b), when not in use.

**ix.** For depositions, the Receiving Party may request up to five (5) additional hard copies of designated portions of Source Code, on at least three (3) business days' notice; such copies shall not be provided to the court reporter or attached to the transcript, but identified by production number, and shall remain with the Producing Party's Outside Counsel for secure destruction after the deposition (except that the deposing attorney may retain a personal working copy containing that attorney's work-product notes).

**x.** If a Receiving Party needs to submit any portion of Source Code as part of a Court filing, the filing must be made under seal, electronic copies shall be created only as necessary for that purpose, and any such copy shall be logged, labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," and stored in accordance with this Order.

**xi.** The Receiving Party shall maintain a log of all individuals who review or receive Source Code Material. No more than ten (10) individuals identified by the Receiving Party shall have access to the printed portions of the producing Party's Source Code Material. Upon request by the Producing Party, the Receiving Party shall promptly provide a copy of such log to the Producing Party at the close of the case.

**xii.** No Source Code will be transferred back to electronic media by a Receiving Party without the Producing Party's consent. Source Code may not be transported or transmitted electronically over a network of any kind, including LAN, an intranet, or the Internet.

**xiii.** The Receiving Party shall not load, import, submit or otherwise transfer Barred Material produced by the Producing Party to any open or closed Large Language Model ("LLM") or other open or closed Generative Artificial Intelligence ("AI") platform, nor may the Receiving Party utilize any Barred Material to train said models.

**23.** Before disclosing material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" to any person described in Paragraphs 9(e) or 21(b)(ii) (a "Person"), the Party seeking to disclose the information shall provide the Producing Party with written notice including: (a) the Person's name; (b) an up-to-date curriculum vitae; (c) the Person's present employer and title; and (d) a list of cases in which the Person has testified at deposition or trial within the last five (5) years, together with any other information regarding the Person's professional activities reasonably requested by the Producing Party to evaluate whether good cause exists to object. Within seven (7) days of receiving that notice, the Producing Party may object in writing for good cause, meaning an objectively reasonable concern that the Person will use or disclose Protected Material inconsistently with this Order. Absent a timely objection, the Person is deemed approved. If the Producing Party objects, the Parties shall meet and confer within four (4) days of the

objection; if unresolved, the objecting Party shall have three (3) business days from the meet-and-confer to seek relief from the Court, failing which the objection is deemed withdrawn. No Protected Material shall be disclosed to the Person while an objection is pending or before the seven-day period expires. Before receiving any Protected Material, the Person must execute the Stipulated Undertaking at Appendix A and serve it on all Parties.

**24. Disclosure of Privileged Material; Fed. R. Evid. 502(d).**

**a.** Pursuant to Federal Rule of Evidence 502(d), the production or disclosure in this action of any Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, whether inadvertent or otherwise, shall not constitute a waiver of that privilege or protection in this action or in any other federal or state proceeding. This subparagraph shall be interpreted to provide the maximum protection allowed by Rule 502(d), and the provisions of Rule 502(b) shall not apply. Nothing in this Order limits a Party's right to review Discovery Material for privilege before production.

**b.** Upon a written request identifying the material and the basis for the claim, each Receiving Party shall immediately return the material and all copies to the Producing Party, except that any pages containing privilege markings added by the Receiving Party shall instead be destroyed, with destruction certified in writing to the Producing Party. The Receiving Party shall not use the material for any purpose until the claim is resolved, but may promptly present it to the

Court under seal for a determination of the claim, without asserting the fact or circumstances of the production as a ground for waiver.

**c.** This Paragraph applies to Discovery Material produced by non-parties. Any Party may invoke this Paragraph with respect to material subject to that Party's privilege or protection that has been produced by a non-party, including by any current or former outside patent prosecution counsel for that Party, and the Receiving Party shall comply with subparagraph 24(b) upon receipt of such a request.

**d.** The production of non-privileged documents concerning the preparation or prosecution of the Asserted Patents, whether by a Party or by any non-party, shall not operate as a subject-matter waiver of any privilege or protection attaching to communications with, or work product of, prosecution counsel.

**e.** No Party or non-party need log on any privilege log (i) communications between a Party and its outside litigation counsel, or (ii) work product of a Party's outside litigation counsel, in either case dated on or after the filing of the Complaint in this action.

**25. Inadvertent Failure to Designate Properly.**

**a.** If, before trial, a Producing Party realizes it should have designated as Protected Material some Discovery Material previously produced without limitation, it may so designate that material by apprising all prior recipients in writing; thereafter, the Court and all persons subject to this Order will treat the designated material as Protected Material.

**b.** A Receiving Party is not in breach of this Order for any use of such Discovery Material before receiving notice of the corrected designation, unless an objectively reasonable person would have realized the material should have carried a confidentiality designation. After receiving notice of the corrected designation, the Receiving Party shall treat the material at the designated level going forward.

**c.** Notwithstanding the foregoing, a subsequent designation applies only prospectively and does not disqualify anyone who reviewed the material before it was marked from the activities described in Paragraph 20(d).

**26. Inadvertent or Unauthorized Disclosure Not Authorized by This Order.**

**a.** If Discovery Material is disclosed to any person not authorized to receive it under this Order, the Party responsible, and any Party with knowledge of the disclosure, shall immediately notify counsel for the Producing Party and provide all known relevant information concerning the disclosure. The responsible Party shall promptly take all reasonable measures to retrieve the improperly disclosed material and to prevent further unauthorized disclosure or use.

**b.** An unauthorized or inadvertent disclosure does not change the status of the Discovery Material or waive the right to treat it as Protected Material.

**27. Discovery from Experts or Consultants.**

**a.** Testifying experts are not subject to discovery regarding any draft of their report(s). Draft reports, notes, or outlines developed by a testifying expert or his or her staff are likewise exempt from discovery.

**b.** Discovery of materials provided to a testifying expert is limited to those materials, facts, consulting-expert opinions, and other matters actually relied upon by that expert in forming his or her final report or trial or deposition testimony. No discovery may be taken from a non-testifying expert except to the extent that expert provided information relied upon by a testifying expert in forming a final opinion.

**c.** Communications between counsel and any testifying or consulting expert are not subject to discovery unless relied upon by the expert in formulating opinions presented in a report or in trial or deposition testimony.

**d.** Materials and communications exempt from discovery under this Paragraph shall be treated as attorney work product for purposes of this litigation and this Order.

**e.** Nothing in this Paragraph alters the requirements of Paragraphs 21–22 regarding Source Code, which control in the event of any conflict.

**28. Non-Party Discovery.**

**a.** Any non-party producing Discovery Material in this action may designate such material under this Order and shall have the same rights and protections as a

Producing Party. Any Party serving a subpoena on a non-party after entry of this Order shall include a copy of this Order with the subpoena.

**b.** Any Party may designate Discovery Material produced by a non-party that contains or reflects that Party's confidential information, by written notice to all Parties and the non-party within fourteen (14) days after the Party receives the production. Until the expiration of that period, all Discovery Material produced by a non-party shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY".

**c.** If a Party is requested in discovery to produce a non-party's confidential information in its possession that is subject to a confidentiality agreement or obligation with that non-party, the Party shall promptly notify the requesting Party and the non-party in writing and provide the non-party a copy of this Order. The Party may produce such information designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", and need not produce it until the non-party has had fourteen (14) days after notice to seek relief from the Court. If the non-party seeks relief within that period, the Party shall not produce the information until the Court resolves the request.

**29. Additional Parties.**

**a.** Any party joined or added to this action after entry of this Order, and any named defendant that is not a signatory to this Order, shall not have access to Protected Material until it has executed and filed with the Court a written agreement to be

bound by this Order, whereupon it shall have the rights and obligations of a Party hereunder.

**30. Interim Effect; Modification.**

**a.** The Parties agree to be bound by the terms of this Order upon its execution by counsel, pending its entry by the Court, and any violation of its terms before entry shall be subject to the same remedies as if it had been entered. Nothing in this Order prevents any Party or non-party from seeking modification of this Order or additional protection for particular material, and the Parties may modify this Order by written stipulation subject to the Court's approval.

**SO STIPULATED AND AGREED:**

**GARSON, SÉGAL, STEINMETZ, FLADGATE LLP**

/s/

Michael M. Steinmetz
Pranav Katti
pk@gs2law.com
225 Broadway 37th Floor,
New York, NY 10007
T: (212) 380-3623
E: ms@gs2law.com
pk@gs2law.com

*Counsel for Plaintiff SimpliSmart LLC*

**THE GIKKAS LAW FIRM, P.C.**

/s/

Nicolas S. Gikkas
Stanley H. Thompson, Jr.
800 W. El Camino Real, Suite 180
Mountain View, CA 94040
T: (650) 815-7085
F: (650) 618-2600
E: nsg@gikkaslaw.com
st@gikkaslaw.com

**PRACTUS, LLP**
Christopher A. Colvin
543 E. 17th Street
Brooklyn, NY 11226
T: (917) 722-8601
E: chris.colvin@practus.com

*Counsel for Defendant Ningbo Meishan Bonded Port Maisilang Photoelectric Technology Co., Ltd. d/b/a Amico*

This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated: November 20, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE